**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION,<br><br>*Petitioner*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, in his official capacity as Administrator, United States Environmental Protection Agency,<br><br>*Respondents*. | Case No. 24-1376 |

## NONBINDING STATEMENT OF ISSUES

Pursuant to this Court's December 16, 2024, order, Petitioner American Water Works Association ("AWWA") hereby submits this Nonbinding Statement of Issues with respect to its Petition for Review of the U.S. Environmental Protection Agency's ("EPA") final rule entitled "National Primary Drinking Water Regulations for Lead and Copper: Improvements (LCRI)," 89 Fed. Reg. 86,418 (October 30, 2024) ("Final Rule"). The Final Rule creates national primary drinking water regulations for lead and copper.

1

The following issues are stated without prejudice to AWWA's right to raise additional issues to explain how EPA acted arbitrarily and capriciously, not in accordance with law, or in excess of its statutory jurisdiction, authority, or limitations in promulgating the Final Rule:

1. Whether EPA violated the Safe Drinking Water Act, *see* 42 U.S.C. § 300g-1, or acted arbitrarily and capriciously or in a manner otherwise not in accordance with law, by requiring water systems subject to the Final Rule to replace lead service lines that are located on private property and owned by entities other than the systems if the systems can "access" such lines or to otherwise take actions on property that is not part of, or owned by, the public water system.

2. Whether EPA violated the Safe Drinking Water Act, or acted arbitrarily and capriciously or in a manner otherwise not in accordance with law, by imposing requirements that are not feasible, including a 10-year mandatory service line replacement deadline.

3. Whether EPA violated the U.S. Constitution, the Safe Drinking Water Act, or acted arbitrarily and capriciously or in a manner otherwise not in accordance with law by requiring states to determine whether a shortened service line replacement deadline is feasible for mandatory lead and galvanized requiring replacement service line replacement and then requiring states to impose a shortened deadline.

4.	Whether EPA violated the Safe Drinking Water Act, or acted arbitrarily and capriciously or in a manner otherwise not in accordance with law, by failing to adequately analyze public water systems' costs of compliance with the Final Rule, or properly assess the benefits as required by the Safe Drinking Water Act. *See* 42 U.S.C. § 300g-1(b)(3)(C).

| | |
|---|---|
| Dated: January 15, 2025 | Respectfully submitted, |

*/s/ Corinne V. Snow*

Ronald J. Tenpas
Corinne V. Snow
Hannah Flesch
Aaron Silberman
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Phone: (202) 639-6622
Fax: (917) 879-8998
Email: rtenpas@velaw.com
Email: csnow@velaw.com
Email: hflesch@velaw.com
Email: asilberman@velaw.com

*Counsel for Petitioner American Water Works Association*

**CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that on January 15, 2025, I electronically filed the foregoing Nonbinding

Statement of Issues with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Dated: January 15, 2025

Respectfully submitted,

*/s/ Corinne V. Snow*
Corinne V. Snow

*Counsel for Petitioner American Water Works Association*