ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>*Respondents*. | Case No. 24-1376 |

**UNOPPPOSED MOTION TO HOLD CASE IN ABEYANCE FOR 60 DAYS**

Respondents United States Environmental Protection Agency ("EPA") and Lee Zeldin,[1] Administrator of the EPA, respectfully move the Court to hold this matter in abeyance for 60 days to allow new Agency leadership to review the underlying rule. Petitioner does not oppose the requested relief.[2]

1. Petitioner seeks review of an EPA action entitled "National Primary Drinking Water Regulations for Lead and Copper: Improvements (LCRI)." 89 Fed. Reg. 86418 (Oct. 30, 2024).

---

[1] Administrator Zeldin is substituted for former Administrator Michael S. Regan pursuant to Federal Rule of Appellate Procedure 43(c)(2).
[2] Two intervention motions have been filed to intervene in defense of the LCRI. Doc Nos. 2090841; 2093844. The Court has not decided either motion.

2. On December 16, 2024, the Court issued an order under which dispositive motions are due January 30, 2025. ECF No. 2089700. The Court has not scheduled briefing on the petition for review.

3. An abeyance is needed due to the federal government's change in administration on January 20, 2025. There is now new leadership at EPA. That new leadership is in the process of familiarizing itself with the issues presented in this case and related litigation. To complete that process in an orderly and deliberate fashion, EPA requests that the court abate proceedings in this matter for 60 days. A limited abeyance would allow Respondents time to fully brief incoming administration officials.

4. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

5. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and

policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

6. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[3] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

7. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate

---

[3] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (finding proposed rule that would eliminate disputed issue rendered pending case prudentially unripe).

8. Petitioner would not be prejudiced by the requested abeyance because merits briefing has not been scheduled and Petitioner does not oppose an abeyance.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court place this case in abeyance for 60 days, with motions to govern due at the end of that period.

DATED:  January 30, 2025				Respectfully submitted,

						LISA L. RUSSELL
						Deputy Assistant Attorney General

Of Counsel:
LESLIE DARMAN
KATIE SPIDALIERI				*/s/ Sarah Izfar*
U.S. Environmental Protection Agency		SARAH IZFAR
Office of General Counsel			United States Department of Justice
						Environmental Defense Section
						150 M St. NE
						Washington, D.C. 20002
						(202) 305-0490 (Izfar)
						sarah.izfar@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 787 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f).  The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word 2016 in Times New Roman fourteen-point font.

						*/s/ Sarah Izfar*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

						*/s/ Sarah Izfar*