**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____
                                        )
AMERICAN WATER WORKS                    )
ASSOCIATION,                            )
                                        )
    *Petitioner*,                         )
                                        )
    v.                                  )   Case No. 24-1376
U.S. ENVIRONMENTAL PROTECTION           )
AGENCY, et al.,                         )
                                        )
    *Respondents*.                        )
_____)

**UNOPPPOSED MOTION TO CONTINUE ABEYANCE FOR 60 DAYS**

Respondents U.S. Environmental Protection Agency ("EPA") and Lee Zeldin, Administrator of the EPA, respectfully move the Court to continue to hold this matter in abeyance for an additional 60 days to allow new Agency leadership to review the underlying rule. Petitioner does not oppose the requested relief.[1]

---

[1] Newburgh Clean Water Project, Natural Resources Defense Council, and Sierra Club moved to intervene in defense of the challenged rule on December 20, 2024. ECF No. 2090841. The Court has not decided that motion, but movant-intervenors do not oppose this motion. A coalition of states moved to intervene in defense of the challenged rule but withdrew their motion. ECF Nos. 2093844; 2097935; 2101495.

1.      Petitioner seeks review of an EPA action entitled "National Primary Drinking Water Regulations for Lead and Copper: Improvements (LCRI)." 89 Fed. Reg. 86418 (Oct. 30, 2024).

2.      Respondents sought, and on February 19, 2025, this Court granted, a 60-day abeyance of proceedings in this matter. ECF Nos. 2097660, 2101495. The Court directed the parties to file motions to govern by April 21, 2025. ECF No. 2101495.

3.      A continued abeyance is needed due to the change in presidential administration on January 20, 2025. There is now new leadership at EPA. That new leadership is in the process of familiarizing itself with the issues presented in this case and related litigation. To complete that process in an orderly and deliberate fashion, EPA requests that the court continue to abate proceedings in this matter for an additional 60 days. A limited abeyance would allow Respondents time to continue briefing incoming administration officials and to determine appropriate next steps.

4.      This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

5. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

6. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (ECF Nos. 1883880, 1882301),[2] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (ECF Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following

---

[2] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

change of administration); Order (ECF Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

7. Continuing the abeyance would also preserve the parties' and the Court's resources. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

8. Petitioner would not be prejudiced by the requested abeyance because merits briefing has not been scheduled, and Petitioner does not oppose an abeyance.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court leave this case in abeyance for an additional 60 days, with motions to govern due at the end of that period.

DATED: April 21, 2025　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　ADAM R.F. GUSTAFSON
　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

Of Counsel:
LESLIE DARMAN
KATIE SPIDALIERI　　　　　　　　*/s/ Sarah Izfar*
U.S. Environmental Protection Agency　SARAH IZFAR
Office of General Counsel　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　Environmental Defense Section
　　　　　　　　　　　　　　　　　150 M St. NE
　　　　　　　　　　　　　　　　　Washington, D.C. 20002
　　　　　　　　　　　　　　　　　(202) 305-0490 (Izfar)
　　　　　　　　　　　　　　　　　sarah.izfar@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 793 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word 2016 in Times New Roman fourteen-point font.

　　　　　　　　　　　　　　　　　*/s/ Sarah Izfar*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

　　　　　　　　　　　　　　　　　*/s/ Sarah Izfar*