**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

—————————————————————————

| | |
|---|---|
| AMERICAN WATER WORKS ASSOCIATION, ) ) ) ) | |
| *Petitioner*, ) ) | |
| v. ) | Case No. 24-1376 |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., ) ) ) | |
| *Respondents*. ) ) | |

—————————————————————————

**UNOPPPOSED MOTION TO CONTINUE ABEYANCE FOR 30 DAYS**

Respondents U.S. Environmental Protection Agency ("EPA") and Lee Zeldin, Administrator of the EPA, respectfully move the Court to continue to hold this matter in abeyance for an additional 30 days to allow new Agency leadership to continue reviewing the underlying rule. Petitioner does not oppose the requested relief.[1]

---

[1] Newburgh Clean Water Project, Natural Resources Defense Council, and Sierra Club moved to intervene in defense of the challenged rule on December 20, 2024. ECF No. 2090841. The Court has not decided that motion, but movant-intervenors do not oppose this motion.

1.     Petitioner seeks review of an EPA action entitled "National Primary Drinking Water Regulations for Lead and Copper: Improvements (LCRI)." 89 Fed. Reg. 86418 (Oct. 30, 2024).

2.     Respondents sought, and this Court granted, two previous 60-day abeyances of proceedings in this matter.  ECF Nos. 2097660, 2101495, 2111877, 2114114.  The Court has directed the parties to file motions to govern by July 1, 2025.  ECF No. 2114114.

3.     A continued abeyance is needed due to the change in presidential administration on January 20, 2025.  There is now new leadership at EPA.  That new leadership is still reviewing the issues presented in this case and related litigation.  To complete that process in an orderly and deliberate fashion, EPA requests that the court continue to abate proceedings in this matter for an additional 30 days.  A limited abeyance would allow Respondents time to continue briefing incoming administration officials and to determine appropriate next steps.

4.     This court has "broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  An abeyance is prudent "if the public welfare or convenience will thereby be promoted."  *Landis*, 299 U.S. at 256.

5.    Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

6.    Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (ECF Nos. 1883880, 1882301),[2] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (ECF Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following

---

[2] In this and the following citations, the first ECF No. refers to the Court's Order and the second ECF No. refers to EPA's motion for a stay or abeyance.

change of administration); Order (ECF Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

7.  Continuing the abeyance would also preserve the parties' and the Court's resources.  It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues.  Good cause thus exists for the requested abeyance.  *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

8.  Petitioner would not be prejudiced by the requested abeyance because merits briefing has not been scheduled, and Petitioner does not oppose an abeyance.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court leave this case in abeyance for an additional 30 days, with motions to govern due at the end of that period.

DATED: July 1, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

Of Counsel:
LESLIE DARMAN
KATIE SPIDALIERI
U.S. Environmental Protection Agency
Office of General Counsel

*/s/ Sarah Izfar*
SARAH IZFAR
U.S. Department of Justice
Environmental Defense Section
150 M St. NE
Washington, D.C. 20002
(202) 305-0490 (Izfar)
sarah.izfar@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing filing complies with the word limit of Fed. R.

App. P. 27(d)(2)(A) because it contains 767 words, excluding the parts of the filing

exempted by Fed. R. App. P. 32(f). The filing complies with the typeface and type

style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared

in a proportionately spaced typeface using Microsoft Word 2016 in Times New

Roman fourteen-point font.

*/s/ Sarah Izfar*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, I filed the foregoing using the Court's

CM/ECF system, which will electronically serve all counsel of record registered to

use the CM/ECF system.

*/s/ Sarah Izfar*